UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CALVIN FLETCHER, SR.,                          )
                                               )
            Plaintiff,                         )
                                               )
v.                                             )      Case No. 4:14-cv-00999-AGF
                                               )
JOSEPH TOMLINSON, et al.,                      )
                                               )
            Defendants.                        )

## DEFENDANT CITY OF ST. LOUIS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT, PLAINTIFF'S COMPLAINT

COMES NOW Defendant City of St. Louis, by and through the undersigned counsel, pursuant to Rule 12 of the Federal Rules of Civil Procedure, and for its Memorandum of Law in Support of its Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, Plaintiff's Complaint for failure to state a claim upon which relief can be granted, states the following:

### I.    Background

Plaintiff has filed a ten-count Complaint naming as defendants the City of St. Louis, the St. Louis Metropolitan Police Department, the St. Louis City Board of Police Commissioners, several named police officers, Corizon, LLC., and several Jane and John Does, and alleging constitutional and state law violations.

Of the ten counts, Defendant City of St. Louis has been named as a defendant in only five. Count 1 alleges that certain police officers violated Plaintiff's 4th Amendment rights in accordance with a City of St. Louis pattern, practice or custom of using excessive force and switching off in-vehicle video cameras during unlawful arrests.

(Complaint, paragraphs 48-54). Count 3 alleges that Defendant City of St. Louis is vicariously liable under Missouri law for the alleged assault of Plaintiff. (Complaint, paragraphs 61-65). Count 4 alleges that Defendant City of St. Louis is vicariously liable under Missouri law for the alleged battery of Plaintiff. (Complaint, paragraphs 66-70). Count 6 alleges that pursuant to 42 U.S.C. §1983 Plaintiff's 14th Amendment right to equal protection was violated by a policy that prohibited Plaintiff making telephone calls. (Complaint, paragraphs 81-86). Count 7 alleges that Plaintiff was falsely imprisoned in violation of Missouri law. (Complaint, paragraphs 87-93).

Counts 3, 4 and 7 are tort causes of action based on state law, and Defendant City of St. Louis is immune due to sovereign immunity. In regard to Count 1, Defendant City of St. Louis did not operate or control the St. Louis Metropolitan Police Department, the St. Louis Board of Police Commissioners ("Board") or its employees at any time relevant to this action. With respect to Count 6, Plaintiff does not plead that an employee of Defendant City of St. Louis deliberately acted to violate his rights under the 14th Amendment. In addition, Defendant City of St. Louis cannot be liable under the theory of *respondeat superior*.

Plaintiff's Complaint fails to state a claim for which relief can be granted against Defendant City of St. Louis and thus the Court should dismiss.

## II.     Standard of Review

A complaint must be dismissed if it fails to state a claim upon which relief may be granted. Fed. R. Civ. Pro. 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of the Complaint.  A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim

to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. -, 127 S.Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957)). When ruling on a motion to dismiss, the Court must take the allegations of the Complaint as true and liberally construe the Complaint in a light most favorable to plaintiffs. *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir.), *cert. denied*, 540 U.S. 825 (2003).

### III.    Statement of Law

#### A.    State Law Claims and Sovereign Immunity

Counts 3, 4 and 7 are tort causes of action based on state law and Defendant City of St. Louis is immune due to sovereign immunity.

In Missouri, a public entity, such as Defendant City of St. Louis, has sovereign immunity from suit. Mo.Rev.Stat. § 537.600. Missouri has waived sovereign immunity in only three circumstances: (1) injuries from negligent acts or omissions by public employees operating a motor vehicle; (2) injuries caused by the condition of a public entity's property; and (3) by a public entity purchasing liability insurance for tort claims other than those specifically exempted by statute. See Mo.Rev.Stat. § 537.600-610. The first two exceptions are not applicable to Plaintiff's claims.

To meet the third exception, a plaintiff must plead that the state entity has an insurance policy. *Epps v. City of Pine Lawn*, 353 F.3d 588, 594 (8th Cir.2003). Indeed, a plaintiff must specifically plead facts that demonstrate the claim is within the insurance exception to sovereign immunity. See *id.* at 594; *Brennan ex rel. Brennan v. Curators of the Univ. of Mo*, 942 S.W.2d 432, 437 (Mo.Ct.App.1997) (plaintiff must affirmatively plead the existence of an insurance policy and that the policy covers the claims asserted).

3

Here, Plaintiff's claims under Counts 3, 4 and 7 should be dismissed because he has failed to plead the existence of any exception to sovereign immunity and Defendant City of St. Louis is therefore immune from liability.

### B.       Violations under § 1983

#### i.       Count 1 – Violation of 4th Amendment

Plaintiff's claims in Counts 1 should be dismissed because at all times relevant to this action Defendant City of St. Louis did not control or operate the Police Department or its individual police officers.

In *Crigler v. City of St. Louis, Mo.*, 767 F.Supp. 197, 200 (E.D.Mo.1991), the court held that the division of authority between the City and the Board outlined in Mo.Rev. Stat. § 84.010 "indicates that neither the City nor its agents possess the authority to make official policy concerning the actions of the Board of Police Commissioners or individual police officers." Consequently, the court held, the City could not be liable under § 1983 as a matter of law "as an official policy maker responsible for approving or condoning the actions of the police officers who allegedly beat the plaintiff." *Id.* Furthermore, this Court has consistently held that the St. Louis Board of Police Commissioners and the City of St. Louis are "distinct legal entities." *Otten v. Schicker*, 492 F.Supp. 455, 456, n.2 (E.D.Mo. 1980).

Plaintiff's allegations are also unavailing under Count 1 because Defendant City of St. Louis cannot be held liable under the doctrine of *respondeat superior* under § 1983. See *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 691–94 (1978); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). See also *Hughes v. Stottlemyre*, 454 F.3d 791, 798 (8th Cir.2006) ("'[I]t is well settled that § 1983 does not impose

*respondeat superior* liability."") (quoting *Crawford v. Davis*, 109 F.3d 1281, 1284 (8th Cir.1997)) (alteration in original).

Thus, Defendant City of St. Louis cannot be liable for the actions of the St. Louis Board of Police Commissioners or its employees and this Count should be dismissed.

### ii.      Count 6 – Violations of 14th Amendment

Plaintiff's claims in Counts 6 should be dismissed because Plaintiff has failed to plead with particularity that a specific official or employee of Defendant City of St. Louis deliberately acted to violate his rights under the 14th Amendment.

Under 42 U.S.C. § 1983, a municipality may not be held vicariously liable for the unconstitutional acts of employees, unless Plaintiff can prove (1) the existence of a custom or policy of the municipality which is of such long standing as to have the force of law, and (2) that one of the municipality's employees violated Plaintiff's civil rights while acting pursuant to this custom or policy. See *Monell*, 436 U.S. at 691-94, see also *Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir.1998). For a municipality to be liable, a plaintiff must prove that a municipal policy or custom was the "moving force [behind] the constitutional violation." *Monell*, 436 U.S. at 694; see also *Board of Comm'rs v. Brown*, 520 U.S. 397, 400, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) (holding that only "deliberate" action can meet the "moving force" requirement).

Here, Plaintiff names as Count 6 Defendants; the City of St. Louis, the SLMPD and the Board of Police Commissioners, but fails to plead with particularity that a specific official or employee of Defendant City of St. Louis took any deliberate action to violate Plaintiff's constitutional rights. Plaintiff's Complaint merely states in relevant part:

"Calvin Fletcher was not an inmate and had no inmate number, and was thus prohibited from making any telephone calls...the Count 6 Defendants' policy prevented him from being able to contact anyone in the outside world..." (Complaint, paragraph 82).

Plaintiff's allegations are also unavailing under Count 6 because, as discussed *supra*, Defendant City of St. Louis cannot be held liable under the doctrine of *respondeat superior* under § 1983. *Monell*, 436 U.S. at 691-94.

Accordingly Count 6 should be dismissed as against Defendant City of St. Louis.

### C.      Counts 2, 5, 8, 9 and 10

Plaintiff's allegations in Count 2 are directed at co-defendants Tomlinson, Martorano, Moton, Carroll and Jane Doe 1. Plaintiff's allegations in Count 5 are directed at co-defendants Corizon, Inc., Dr. Jane Doe, Jane Doe 2, Jane Doe 3 and Jane Doe 4. Plaintiff's allegations in Count 8 are directed at co-defendants SLMPD and Board of Police Commissioners. Plaintiff's allegations in Count 9 are directed at co-defendant Corizon, Inc. Plaintiff's allegations in Count 10 are directed at co-defendant John Doe 1.

None of Plaintiff's allegations in Counts 2, 5, 8, 9 and 10 make any claims against Defendant City of St. Louis. Therefore Plaintiff fails to state a claim for which relief can be granted against Defendant City of St. Louis and Counts 2, 5, 8, 9 and 10 should be dismissed as to Defendant City of St. Louis.

### IV.      Conclusion

For all of the foregoing reasons, as well as the reasons stated in Defendant City of St. Louis' Motion to Dismiss, this Court should enter an Order dismissing the City with prejudice from Plaintiff's Complaint.

6

Respectfully submitted,

WINSTON CALVERT
CITY COUNSELOR

/s/ Rory P. O'Sullivan
Rory P. O'Sullivan     #62388 MO
Assistant City Counselor
Attorney for Defendant City of St. Louis
Room 314, City Hall
St. Louis, MO  63103
314.622.3361
FAX: 314.622.4956
OSullivanR@stlouis-mo.gov

7

## Certificate of Service

I hereby certify that on July 29, 2014, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon:

Jeffrey A. Herman
jah@bollwerktatlow.com
Phillip A. Tatlow
pat@bollwerktatlow.com
BOLLWERK & TATLOW, LLC
Attorneys for Plaintiff
10525 Big Bend Boulevard
Kirkwood, MO  63122

Jessica L. Liss
Jessica.liss@jacksonlewis.com
Amy J. White
amy.white@jacksonlewis.com
JACKSON LEWIS, P.C.
Attorneys for Defendant Corizon, LLC
7733 Forsyth Boulevard, Suite 600
St. Louis, MO 63105

/s/ Rory P. O'Sullivan

8