UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CALVIN FLETCHER, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 4:14-CV-0999-RLW |
| JOSEPH TOMLINSON, et. al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS**

Defendants Board of Police Commissioners and St. Louis City Metropolitan Police Department ("Defendants") submit the following memorandum in support of their Motion to Dismiss.

**I.     Introduction**

Plaintiff Calvin Fletcher, Sr. ("Plaintiff") filed a First Amended Complaint ("Complaint") against Defendants Board of Police Commissioners and St. Louis City Metropolitan Police Department. Plaintiff alleges claims under 42 U.S.C. §1983 and Mo. Rev. Stat §610.010.

Plaintiff alleges that he suffered injuries while being arrested by Defendants Joseph Tomlinson, Nicholas Martorano, John Moton and

1

Jonathon Carroll. [Doc. 31, pages 4-7]. In addition, Plaintiff alleges he has not received documents that he requested from Defendants. [Doc. 31, ¶26].

Defendants bring this motion to dismiss as Plaintiff has named entities that are not amenable to suit and Count VIII fails as Plaintiff has failed to allege that he was denied any information that pertained to the general public.

## II.     Standard of Review

### a.     Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. This standard requires more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*.

### III. Discussion

**1. Plaintiff has failed to name a defendant that is amenable to suit.**

In order for a defendant to be amenable to suit, the plaintiff must assert allegations against a legal or government entity capable of being sued. *Catlett v. Jefferson County*, 299 F.Supp.2d 967, 969 (E.D.Mo. 2004). The "Board of Police Commissioners" and the "St. Louis City Metropolitan Police Department" are not legal or government entities capable of being sued.

The St. Louis Board of Police Commissioners is the government entity "authorized and required to appoint, enroll, and employ a permanent police force" for the City of St. Louis. Mo. Rev. Stat. §84.100. However, the St. Louis Board of Police Commissioners is not a suable entity. *Miller v. Albright*, 2008 WL 2224794 *3 (E.D. Mo. May 27, 2008). Thus, any legal action brought against the St. Louis Police Department must be asserted against the members of the Board of Police Commissioners. *American Fire Alarm Co. v. Board of Police Comm'rs of Kansas City*, 227 S.W. 114, 116-17 (Mo. 1920); *Best v. Schoemehl*, 652 S.W.2d 740, 742 (Mo. App. E.D. 1983). Accordingly, Plaintiff's claims against the "Board of Police Commissioners" and the "St. Louis City Metropolitan Police Department" should be dismissed for failure to state a claim as the "Board of Police Commissioners" and the "St. Louis City Metropolitan Police Department" are not entities capable of being sued.

### 2. Plaintiff's claim in Count VIII fails as Plaintiff has not been denied any information that affects the general public.

Count VIII of Plaintiff's Complaint alleges a claim pursuant to Mo. Rev. Stat §610.010. Plaintiff alleges that he made a request for records pursuant to Mo. Rev. Stat §610.010, that Plaintiff received "information, including the procedures concerning the use of a Taser," but that Plaintiff did not receive "records concerning the use of a Taser on [Plaintiff]." [Doc. 31, ¶98].

Mo. Rev. Stat §610.010, or the "Missouri Sunshine Law," requires various government entities to make public records available for inspection. *Abbott v. Trog*, 2010 WL 199909 *8 (E.D. Mo. Jan. 14, 2010). "In order for a particular record to be considered a 'public record' under the Missouri Sunshine Law, and therefore subject to the disclosure requirements of Mo. Rev. Stat. § 610.011, it must somehow affect the general public." *Id*. Under the Sunshine Law, records concerning a specific individual are not records that affect the general public. *Id*. at *9.

In this case, Plaintiff has failed to identify any records affecting the general public which were not provided to Plaintiff. Plaintiff has freely admitted that he received "information, including the procedures concerning the use of a Taser." [Doc. 31, ¶98]. The deficiencies alleged by Plaintiff all relate to documents that were specific to Plaintiff. [Doc. 31, ¶98]. Accordingly,

Plaintiff has failed to allege a claim pursuant to Mo. Rev. Stat §610.010 and Count VIII of his Complaint should be dismissed.

## IV. Conclusion

Based on the foregoing, Defendants Board of Police Commissioners and St. Louis City Metropolitan Police Department respectfully request this Court issue its order and judgment dismissing Plaintiff's Complaint and for such further relief as the court deems just and proper.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General


*/s/ Philip Sholtz*
Philip Sholtz, # 57375
Assistant Attorney General
P.O. Box 861
St. Louis, Missouri 63188
(314)340-7861
Fax: (314)340-7029
Philip.Sholtz@ago.mo.gov

*Attorneys for Defendants Board of Police Commissioners and St. Louis City Metropolitan Police Department*

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 21, 2014, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all parties.

                    */s/ Philip Sholtz*
                    Assistant Attorney General