UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CALVIN FLETCHER, | ) |
| Plaintiff, | ) No. 4:14-CV-999 RLW |
| v. | ) |
| JOSEPH TOMLINSON, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Dismiss of Defendants Board of Police Commissioners and St. Louis City Metropolitan Police Department (ECF No. 32) and the Motion to Dismiss of Defendants Bettye Battle-Turner, Richard Gray, Erwin O. Switzer, Thomas Irwin, and Francis Slay (ECF No 43).

## BACKGROUND

Plaintiff Calvin Fletcher ("Fletcher") alleges the following facts in his First Amended Complaint (First Amended Complaint (hereinafter, "Complaint"), ECF No. 31), which the Court assumes are true for purposes of the motions to dismiss. On March 6, 2013 Fletcher was tasered and beaten by St. Louis City police, who had their video cameras turned off. (*Id.*, ¶1). Fletcher was taken to the infirmary in the St. Louis Justice Center where his kidneys were shutting down due to the trauma from the attack. (*Id.*, ¶2). Fletcher was isolated from the outside world, never taken before a judge, and not allowed to contact his family. (*Id.*) On March 12, 2013, Fletcher was taken to the Perry County Sheriff's office, which transported Fletcher to the emergency room. (*Id.*, ¶3). Perry County Sheriff's office, however, failed to take Fletcher to his follow-up

medical appointment to obtain an MRI on March 15, 2013. (*Id.*, ¶3). On March 19, 2013 Fletcher had a seizure, vomited and lost consciousness. (*Id.*, ¶4). On March 19, 2013 Fletcher was released from jail in grave condition. (*Id.*) Fletcher went to the emergency room and was diagnosed with post-traumatic acute kidney failure. (*Id.*) Fletcher went to St. Louis and received "life-saving" dialysis treatment. (*Id.*) Fletcher filed a nine-count Complaint asserting claims for violations of his civil rights, for assault and battery, for false imprisonment, and for violation of his right to receive public records.

## **STANDARD FOR MOTION TO DISMISS**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Huang v. Gateway Hotel Holdings*, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

**DISCUSSION**

**I. Motion to Dismiss of Defendants Board of Police Commissioners and St. Louis City Metropolitan Police Department (ECF No. 32)**

Section 610.011.2 of the Missouri Open Records Act or the "Sunshine Law" provides that all public records of public governmental bodies shall be open to the public for inspection and copying as set forth in § 610.023 to § 610.026, except as otherwise provided by law. In interpreting this provision of law and all other provisions of Chapter 610, § 610.011 reads in pertinent part:

> It is the public policy of this state that meetings, records, votes, actions, and deliberations of public governmental bodies be open to the public unless otherwise provided by law….

Mo.Rev.Stat. §610.011.1; *see also* §610.011.2 ("Except as otherwise provided by law, all public meetings of public governmental bodies shall be open to the public as set forth in section 610.020, all public records of public governmental bodies shall be open to the public for inspection and copying as set forth in sections 610.023 to 610.026, and all public votes of public governmental bodies shall be recorded as set forth in section 610.015."); §610.023 ("Each public governmental body shall make available for inspection and copying by the public of that body's public records.").

In Count 8, Plaintiff alleges a claim for violation of Missouri's Sunshine Law, pursuant to Section 610.010(4), R.S. Mo. against the St. Louis Metropolitan Police Department (SLMPD) and Board of Police Commissioners ("the Board") (collectively, "the Count 8 Defendants").[1]

---

[1] Plaintiff contends that the Count 8 Defendants are "public governmental bodies" pursuant to Section 610.010(4), R.S. Mo. Section 610.010(4) provides that a "public governmental body" is "any legislative, administrative or governmental entity created by the constitution or statutes of this state, by order or ordinance of any political subdivision or district, judicial entities when operating in an administrative capacity, or by executive order."

Plaintiff alleges that on May 15, 2013, his counsel requested all policies regarding the use of a "'taser,' pepper spray, or similar incapacitating products during an arrest," documents related to Plaintiff's "arrest confinement, transportation, and/or release," and "any other records contained in any physical or electronic file pertaining to Mr. Fletcher." (Complaint, ¶97). Plaintiff alleges that on August 28, 2013 and September 16, 2013, the Count 8 Defendants provided documents concerning the use of a taser. (Complaint, ¶98). On February 17, 2014, Plaintiff's counsel sent a follow-up letter requesting the following records:

   a. All "After Firing Identification Dots" generated as a result of the use of the Taser;
   b. All cartridge packs used;
   c. All information downloaded from the Taser describing the time and date of each time the Taser was fired;
   d. The initial review of the Taser deployment conducted by a supervisor;
   e. The "I/LEADS" report concerning the use of a Taser;
   f. A copy of the report including the following information: the serial number of the Taser unit used; the distance between the officer and Mr. Fletcher at the time it was fired; the locations of the impact on Mr. Fletcher; and an evaluation of the effectiveness of the device on Mr. Fletcher; and
   g. A copy of the Critical Incident Review conducted by the chain of command.

Plaintiff received no response to this request. (Complaint, ¶¶99-102). Plaintiff contends that the Count 8 Defendants violated Missouri's Sunshine Law by failing to respond to this request.

The Count 8 Defendants maintain that Plaintiff's Sunshine Law claim should be dismissed because they are not amenable to suit and because Plaintiff has not been denied access to records

- 4 -

that are of public interest. Because the Court finds that Plaintiff's allegation does not relate to any records of public interest, the Court only addresses that issue.[2]

The Count 8 Defendants maintain that Plaintiff's records are not subject to the Sunshine Law because they do not affect the general public. (ECF No. 33 at 4-5 (citing *Abbott v. Trog*, 2:09CV00015 ERW, 2010 WL 199909, at *9 (E.D. Mo. Jan. 14, 2010)("The general public has no interest in knowing which cell and bed to which each inmate in the state is assigned, or in knowing which inmates are assigned to be roommates. As a result, those records are not subject to the disclosure requirements of the Missouri Sunshine Law.") (citing *Bauer v. Kincaid*, 759 F. Supp. 575, 583 (W.D. Mo. 1991)).

In response, Plaintiff contends that Missouri's Sunshine Law is not limited to public records that "somehow affect the general public." Plaintiff asserts that the *Abbott* court misstated and misapplied the law, particularly given that Missouri's Sunshine Law is supposed to be liberally construed to allow open scrutiny of the government. (ECF No. 38 at 2 (citing Mo.Rev.Stat. §610.01.1 ("Sections 610.010 to 610.200 shall be liberally construed and their exceptions strictly construed to promote this public policy.")). Plaintiff admits that the Court in *Bauer v. Kincaid* stated that Southwest Missouri State University was a public governmental body and that its "determinations affect the public." 759 F. Supp. at 583. Plaintiff claims, however, that the *Bauer* court found that all of the University's records were open to the public unless otherwise provided by law once it was determined that the university was a public governmental body. *Bauer*, 759 F. Supp. at 582-88. Plaintiff also points out that that the *Bauer* court found that the Equal

---

[2] The Court notes that the other basis for dismissal would be well-taken as well. *See Edwards v. Baer*, 863 F.2d 606, 609 (8th Cir. 1988)("The St. Louis Board of Police Commissioners is not a suable entity. Jurisdiction can only be obtained by suing its individual members.")(internal quotation omitted).

Protection Clause of the U.S. Constitutional was violated by depriving the plaintiff "from access to information that is accessible to the general public in like situations and deprive her of timely and efficient police protection that is provided to the general public in like situations." *Bauer*, 759 F. Supp. at 581, 594 (holding that "defendants' actions in withholding the criminal investigation and incident reports which contain names and other personally identifiable information, is unconstitutional under the equal protection guarantee of the Fifth Amendment due process clause and under the First Amendment"). Plaintiff contends that the *Bauer* decision "had nothing to do with the definition of a public record under Missouri's Sunshine Law." (ECF No. 38 at 4).

Based upon the case law, the Court holds that Plaintiff does not have a cause of action based upon the Count 8 Defendants' failure to respond to discovery related to Plaintiff's arrest and incarceration. The Complaint alleges that the Count 8 Defendants provided documents related to their policies for the use of tasers, pepper spray and other temporary stunning instrumentalities, which the Court believes affect the general public. Plaintiff, however, alleges that the Count 8 Defendants did not provide him with information specific to his arrest and incarceration. Plaintiff does not argue that the incidents surrounding his arrest affect the general public. *See Bauer*, 759 F. Supp. at 583 (quoting *McLachlan v. McNary,* 684 S.W.2d 534, 538 (Mo. Ct. App. 1984))("'It is within the meaning of the [Sunshine] law if its determinations affect the public.'"). Plaintiff has not come forward with any cases holding that documents particular to an individual, with no allegation of any general public importance, are public records under the Sunshine Law. *See* ECF No. 38 at 4 (citing *Hemeyer v. KRCG-TV*, 6 S.W.3d 880, 881 (Mo. 1999)(appealing the circuit court's determination that a booking videotape was not a record subject to disclosure under chapter 610); *R.L. Polk & Co. v. Missouri Dep't of Revenue*, 309 S.W.3d 881, 886 (Mo.

Ct. App. 2010)(addressing the proper cost for copying records produced pursuant to the Sunshine Law); *D.K.B. v. Toelke*, 903 S.W.2d 267, 269 (Mo. Ct. App. 1995)(addressing the proper remedy under Mo.Rev.Stat. §610.027; Respondents did "not dispute the court's finding that they violated the Act by refusing to give appellant a copy of the investigation file. In fact, respondents have provided appellant a copy of the investigation file as ordered by the court."). Therefore, under the particular facts of this case, the Court holds that Plaintiff's claim under Missouri's Sunshine Law is barred because Plaintiff's request does not relate to any matter that affects the general public. *See Abbott*, 2010 WL 199909, at *9. Count 8 is dismissed and the Count 8 Defendants' Motion to Dismiss is granted.

  II.   **Motion to Dismiss of Defendants Bettye Battle-Turner, Richard Gray, Erwin O. Switzer, Thomas Irwin, and Francis Slay (ECF No. 43)**

   A. Count 1

Local governing bodies (and local officials sued in their official capacities) can be sued directly under § 1983 "where the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). "Moreover, although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 'person,' by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.*, 436 U.S. at 690-91. However, "[i]t is well settled that *respondeat superior* cannot be the basis of liability in a § 1983 action." *Givens v. Jones,* 900 F.2d 1229, 1233 (8th Cir.1990); *Bolin v. Black,* 875 F.2d 1343, 1347 (8th Cir.1989) ("It is well

settled that the doctrine of *respondeat superior* is insufficient to allow recovery in a § 1983 action."); *Dashley v. Corr. Med. Servs., Inc.*, 345 F. Supp. 2d 1018, 1021 (E.D. Mo. 2004)("To invoke a claim under 42 U.S.C. § 1983, a plaintiff is estopped from relying on the doctrine of *respondeat superior.*").

Plaintiff alleges that, on March 6, 2013, several St. Louis City policy officers deprived him of his Fourth Amendment right to be free from unreasonable seizures of his person and subjected him to excessive force. (Complaint, ¶50). Plaintiff further alleges that the officers (Defendants Joseph Tomlinson, Nicholas Martorano, John Moton, and Jonathon Carroll) were "acting in accordance with a pattern, practice, or custom that was created, encouraged, promoted, accepted, or permitted by the Board of Police Commissioners, jointly with the City of St. Louis, of using excessive force during the arrests of individuals, including: hitting, kicking, punching, and/or tasing individuals after they have already been handcuffed and/or incapacitated; tasing individuals without verbal warning; and excessively tasing individuals." (Complaint, ¶51). Plaintiff contends that the City of St. Louis police officers "were also deliberately acting in accordance with a pattern, practice, or custom that was created, encouraged, promoted, accepted, or permitted by the Board of Police Commissioners, jointly with the City of St. Louis, of switching off in-vehicle video cameras during unlawful arrests and the transportation of individuals unlawfully arrested." (Complaint, ¶52). Defendants Bettye Battle-Turner, Richard Gray, Erwin O. Switzer, Thomas Irwin, and Francis Slay ("Defendants") serve as police commissioners on the Board of Police Commissioners and are sued in their official capacity. (Complaint, ¶12).

Defendants contend that Plaintiff has failed to allege any facts sufficient to support a claim under 42 U.S.C. §1983 in Count 1. (ECF No. 44 at 3-4). Defendants contend that Plaintiff

does not "identify any official policy at issue and have failed to allege any actions by a policymaker." (ECF No. 44 at 3 (citing *Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 633 (8th Cir. 2009)). Defendants also state that Plaintiff's Complaint does not allege a "continuing, widespread, persistent pattern of unconstitutional misconduct." (*Id.*). Defendants maintain that Plaintiff's Complaint "amounts to little more than unsupported accusations and possibilities" (ECF No. 44 at 3-4) and alleges merely "an isolated alleged incident of police misconduct" (ECF No. 47 at 2-3).

In response, Plaintiff contends that Defendants are trying to hold him to a heightened pleading standard and that his pleadings are sufficient. (ECF No. 46 at 2-3).

The Court finds that Plaintiff sufficiently alleges a policy or custom that was promoted or encouraged by Defendants for St. Louis City police officers to engage in excessive force and/or to turn off their in-vehicle cameras during certain arrests. Although Defendants contend that Plaintiff has not identified an official custom, policy, or practice and that their allegations are not supported by the facts, the Court holds that Plaintiff has alleged a policy, custom, or practice that caused St. Louis City policy officers to violate Plaintiff's constitutional rights. Further, the Court holds that, at this stage of the litigation, Plaintiff alleges more than an isolated incident. Instead, Plaintiff sufficiently alleges "the existence of an unofficial but widespread governmental policy or custom" that resulted in the deprivation of Plaintiff's federal rights. *Hoekstra By & Through Hoekstra v. Indep. Sch. Dist. No. 283, St. Louis Park, Minn.*, 916 F. Supp. 941, 946 (D. Minn. 1996); *see* Complaint, ¶¶51-52. The Court, therefore, denies Defendants' Motion to Dismiss with respect to Count 1.

B. Counts 3 and 4

Counts 3 and 4 allege claims for assault and battery, respectively, under Missouri law. Defendants argue that Plaintiff's claims against them in Counts 3 and 4 fail as a matter of law because Plaintiff has not alleged that Defendants were negligent in employment the City of St. Louis police officers. Defendants contend that they cannot be held liable merely on the basis of *respondeat superior* based upon the actions taken by St. Louis City police officers (ECF No. 44 at 4-5). Defendants state that Plaintiff has alleged no factual support for his claims that Defendants had a policy of excessive force during arrests and of switching cameras off during unlawful arrests. (ECF No. 47 at 4).

In response, Plaintiff asserts that his claims for assault and battery against the Defendants do not fail as a matter of law. Plaintiff notes the standard for holding a superior liable for a subordinate's acts under Missouri law:

> It is well-settled law that public officers are not responsible for acts of subordinate officials, if such subordinates are themselves employees of the government, where there is no negligence on the part of such public officials in employing them, unless the superior officer has directed or encouraged or ratified such acts, or has personally co-operated therein....

*Smith v. Bowersox*, 330 S.W.3d 103, 106 (Mo. Ct. App. 2010)(citing *Davis–Bey v. Missouri Dept. of Correction,* 944 S.W.2d 294, 298–299 (Mo. Ct. App. 1997)(quoting *Jackson v. Wilson,* 581 S.W.2d 39, 46 (Mo. Ct. App. 1979)). Plaintiff states that his claims against Defendants are not based upon *respondeat superior* liability, but instead because the St. Louis City police officers were "acting in accordance with a pattern, practice, or custom that was created encouraged, promoted, accepted, or permitted by the Board of Police Commissioners," that included both using excessive force and shutting off cameras during unlawful arrests. (ECF No.

46 at 3; Complaint, ¶¶51-52). Plaintiff notes that this allegation is incorporated into Counts 3 and 4. (ECF No. 46 at 3-4).

As discussed herein, the Court holds that Plaintiff sufficiently alleges that Defendants "directed, encouraged, or ratified" the acts of the St. Louis City police officers to assault and batter Plaintiff. As a result, Plaintiff states a claim against Defendants for assault and battery because their alleged liability is not based upon *respondeat superior*, but upon their own actions to promote the assault and battery of Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss of Defendants Board of Police Commissioners and St. Louis City Metropolitan Police Department [ECF No. 32] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss of Defendants Bettye Battle-Turner, Richard Gray, Erwin O. Switzer, Thomas Irwin, and Francis Slay [ECF No 43] is **DENIED**.

Dated this 22nd day of October, 2014.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**