UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CALVIN FLETCHER, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:14-cv-00999-RLW |
| ) | |
| JOSEPH TOMLINSON, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT CITY OF ST. LOUIS' MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant City of St. Louis, by and through the undersigned counsel, and for its Memorandum of Law in Support of its Motion for Summary Judgment, states the following:

**I.    Background**

Plaintiff has filed an eight-count Second Amended Complaint naming as defendants the City of St. Louis, the St. Louis Metropolitan Police Department, the St. Louis City Board of Police Commissioners, several named police officers, Corizon, Inc.., and several named medical professionals, and alleging constitutional and state law violations.

Of the eight counts, Defendant City of St. Louis has been named as a defendant in six. Count 1 alleges that certain police officers violated Plaintiff's 4th Amendment rights in accordance with a City of St. Louis pattern, practice or custom of using excessive force and switching off in-vehicle video cameras during unlawful arrests. (Second Amended Complaint, paragraphs 48-54). Count 3 alleges that Defendant City of St. Louis is vicariously liable under Missouri law for the alleged assault of Plaintiff. (Second

Amended Complaint, paragraphs 61-65). Count 4 alleges that Defendant City of St. Louis is vicariously liable under Missouri law for the alleged battery of Plaintiff. (Second Amended Complaint, paragraphs 66-70). Count 5 alleges that certain medical professionals violated Plaintiff's 14th Amendment rights in accordance with a City of St. Louis pattern, practice or custom of deliberate indifference to Plaintiff's medical needs. (Second Amended Complaint, paragraphs 71-80). Count 6 alleges that pursuant to 42 U.S.C. §1983 Plaintiff's 14th Amendment right to equal protection was violated by a policy that prohibited Plaintiff making telephone calls. (Second Amended Complaint, paragraphs 81-86). Count 7 alleges that Plaintiff was falsely imprisoned in violation of Missouri law. (Second Amended Complaint, paragraphs 87-94).

Counts 3, 4 and 7 are tort causes of action based on state law, and Defendant City of St. Louis is immune due to sovereign immunity. In regard to Count 1, Defendant City of St. Louis did not operate or control the St. Louis Metropolitan Police Department, the St. Louis Board of Police Commissioners ("Board") or its employees at any time relevant to this action. In response to Count 5, Defendant City of St. Louis did not operate or control Corizon, Inc. or its employees at any time relevant to this action. With respect to Count 6, Plaintiff does not plead that a specific employee of Defendant City of St. Louis deliberately acted to violate his rights under the 14th Amendment, and even if he had sufficiently plead such a fact there is no dispute that Plaintiff did in fact make a telephone call. In addition, Defendant City of St. Louis cannot be liable under the theory of respondeat superior for either Count 5 or 6.

For the foregoing reasons, granting Defendant's Motion for Summary Judgment is warranted.

Defendant City of St. Louis has simultaneously filed its Statement of Uncontroverted Material Facts ("SUMF") and incorporates it by reference as though fully set forth herein.

## II. Standard of Review

The standards governing a Motion for Summary Judgment are well settled. Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a court may grant a Motion for Summary Judgment if all of the information before the court demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden initially is on the moving party. *Handeen v. Lemaire*, 112 F.3d 1339, 1346 (8th Cir. 1997). After the moving party discharges this burden, the non-moving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-moving party bears the burden of setting forth the specific facts showing that there is sufficient evidence in its favor to allow the trier of fact to return a verdict for it. Fed.R.Civ.Proc. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The non-moving plaintiff may not rely on allegations of the pleadings. *Griffin v. Hilke*, 804 F.2d 1052, 1055, n.1 (8th Cir. 1986).

## III. Statement of Law

### A. State Law Claims and Sovereign Immunity

Counts 3, 4 and 7 are tort causes of action based on state law and Defendant City of St. Louis is immune due to sovereign immunity.

In Missouri, a public entity, such as Defendant City of St. Louis, has sovereign immunity from suit. Mo.Rev.Stat. § 537.600. Missouri has waived sovereign immunity in only three circumstances: (1) injuries from negligent acts or omissions by public employees operating a motor vehicle; (2) injuries caused by the condition of a public entity's property; and (3) by a public entity purchasing liability insurance for tort claims other than those specifically exempted by statute. *See* Mo.Rev.Stat. § 537.600-610. The first two exceptions are not applicable to Plaintiff's claims.

Here, Plaintiff, in his original Complaint, failed to plead facts that demonstrated his claim was within any exception to sovereign immunity. Following Defendant City of St. Louis' Motion to Dismiss for failure to plead an exception to sovereign immunity, Plaintiff filed a First Amended Complaint and a Second Amended Complaint that alleged in relevant part:

"Upon information and belief, the City of St. Louis has purchased liability insurance for tort claims made against it, and has thus waived sovereign immunity pursuant to Rev. Stat. Mo. § 537.610." (Second Amended Complaint, paragraph 9).

However, in order to penetrate a claim of immunity under the insurance exception of Mo.Rev.Stat. § 537.610.1, a plaintiff is required to demonstrate the existence of insurance that covered the plaintiff's claim. *Brennan By and Through Brennan v. Curators of the Univ. of Missouri*, 942 S.W.2d 432, 436 (Mo.Ct.App.1997).

Here, Plaintiff's allegation is insufficient to defeat Defendant City of St. Louis' sovereign immunity because in actual fact Defendant City of St. Louis has not purchased liability insurance that would cover Plaintiff's claims. SUMF ¶ 2. Therefore, because Plaintiff is unable to prove the existence of any exception to sovereign immunity, Defendant City of St. Louis is immune from liability, and accordingly Defendant City of

4

St. Louis' Motion for Summary Judgment should be granted with respect to Counts 3, 4 and 7[1].

### B. Violations under § 1983

#### i. Violation of 4th Amendment – Count 1

Plaintiff's claims in Counts 1 are unavailing because at all times relevant to this action Defendant City of St. Louis did not control or operate the Police Department or its individual police officers. SUMF ¶ 3.

In *Crigler v. City of St. Louis, Mo.*, 767 F.Supp. 197, 200 (E.D.Mo.1991), the court held that the division of authority between the City and the Board outlined in Mo.Rev. Stat. § 84.010 "indicates that neither the City nor its agents possess the authority to make official policy concerning the actions of the Board of Police Commissioners or individual police officers." Consequently, the court held, the City could not be liable under § 1983 as a matter of law "as an official policy maker responsible for approving or condoning the actions of the police officers who allegedly beat the plaintiff." *Id*. Furthermore, this Court has consistently held that the St. Louis Board of Police Commissioners and the City of St. Louis are "distinct legal entities." *Otten v. Schicker*, 492 F.Supp. 455, 456, n.2 (E.D.Mo. 1980).

Plaintiff's allegations are also unavailing under Count 1 because Defendant City of St. Louis cannot be held liable under the doctrine of respondeat superior under § 1983. See *Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 691–94 (1978); *Keeper v.*

---

[1] It should also be noted, with respect to Count 7, Plaintiff pleads that Missouri Rule of Civil Procedure 21.09 applies in this case, however, Plaintiff was never charged in State court with a misdemeanor or felony based on his arrest of March 6, 2013, and no warrants were issued for his arrest in connection with his arrest of March 6, 2013. SUMF ¶ 8. Furthermore, other than warrants for municipal ordinance traffic violations from the City of St. Louis and Perry County, Plaintiff had no other warrants out for his arrest. SUMF ¶ 9. The cited rule can therefore have no application in this case.

5

*King*, 130 F.3d 1309, 1314 (8th Cir. 1997). See also *Hughes v. Stottlemyre*, 454 F.3d 791, 798 (8th Cir.2006) ("'[I]t is well settled that § 1983 does not impose respondeat superior liability.'") (quoting *Crawford v. Davis*, 109 F.3d 1281, 1284 (8th Cir.1997)) (alteration in original).

Thus, Defendant City of St. Louis cannot be liable for the actions of the St. Louis Board of Police Commissioners or its employees and Defendant City of St. Louis' Motion for Summary Judgment should be granted with respect to Count 1.

### ii. Violations of 14th Amendment – Counts 5 and 6

Under 42 U.S.C. § 1983, a municipality may not be held vicariously liable for the unconstitutional acts of employees, unless plaintiff can prove (1) the existence of a custom or policy of the municipality which is of such long standing as to have the force of law, and (2) that one of the municipality's employees violated Plaintiff's civil rights while acting pursuant to this custom or policy. See *Monell*, 436 U.S. at 691-94, see also *Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir.1998). For a municipality to be liable, a plaintiff must prove that a municipal policy or custom was the "moving force [behind] the constitutional violation." *Monell*, 436 U.S. at 694; see also *Board of Comm'rs v. Brown*, 520 U.S. 397, 400, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) (holding that only "deliberate" action can meet the "moving force" requirement).

As the Court stated in *McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005): "[t]his circuit has consistently recognized a general rule that, in order for municipal liability to attach, individual liability first must be found on an underlying substantive claim."

### a. Count 5

Plaintiff's claims in Count 5 are unavailing because at all times relevant to this action Defendant City of St. Louis did not control or operate Corizon, Inc. or its individual medical professional employees. SUMF ¶ 4, 5 and 6.

Plaintiff names as Count 5 Defendants; Corizon, Inc., the City of St. Louis, Dr. Paul Geiger, April Scott, Rhalashondra Straughter, and Joyce Sanchez, but cannot prove with particularity the existence of any pattern, practice or custom of deliberate indifference to Plaintiff's medical needs by Defendant City of St. Louis. Plaintiff's Second Amended Complaint merely states in relevant part:

"Defendant Corizon, Inc., jointly with the City of St. Louis, instituted a pattern, practice, or custom in the infirmary at the St. Louis City Justice Center to prohibit, prevent, or limit referrals to outside care for the purpose of lowering costs and, for Corizon, Inc., making more money." (Second Amended Complaint, paragraph 76).

In fact, Defendant City of St. Louis contracted with Corizon, Inc. for the provision of comprehensive healthcare services at the City Justice Center and Corizon, Inc. has sole decision-making authority in all matters regarding inmate healthcare. SUMF ¶ 4 and 6. Indeed, none of the named medical defendants are agents or employees of Defendant City of St. Louis. SUMF ¶ 5. Further, the evidence does not suggest that any of the named medical defendants relied upon a City of St. Louis policy or custom of deliberate indifference to Plaintiff's medical needs. *Wagner v. City of Saint Louis Dep't of Pub. Safety*, No. 4:12CV01901 AGF, 2014 WL 3529678, at *12 (E.D. Mo. July 16, 2014).

**b.     Count 6**

Plaintiff's claims in Count 6 are similarly unavailing because Plaintiff has failed to prove with particularity that a specific official or employee of Defendant City of St. Louis deliberately acted to violate his rights under the 14th Amendment.

Plaintiff names as Count 6 Defendants; the City of St. Louis, the SLMPD and the Board of Police Commissioners, but cannot prove with particularity that a specific official or employee of Defendant City of St. Louis took any deliberate action to violate Plaintiff's constitutional rights. Plaintiff's Second Amended Complaint merely states in relevant part:

"Calvin Fletcher was not an inmate and had no inmate number, and was thus prohibited from making any telephone calls…and, due to the City of St. Louis' policy, staff at the St. Louis City Justice Center repeatedly denied Calvin the ability and right to contact anyone in the outside world…" (Second Amended Complaint, paragraph 82).

Plaintiff has neither plead, nor can he prove individual constitutional liability on the part of a specific City of St. Louis official or employee and so Plaintiff cannot establish a claim for municipal liability against Defendant City of Saint Louis. *Burton v. St. Louis Bd. of Police Com'rs*, 731 F.3d 784, 799 (8th Cir.2013) (quoting *Cooper v. Martin*, 634 F.3d 477, 481–82 (8th Cir.2011)); see also *Brockinton v. City of Sherwood*, 503 F.3d 667, 674 (8th Cir.2007).

In addition, even if Plaintiff had sufficiently plead the existence of individual liability on the part of a City of St. Louis official or employee, the uncontroverted facts show that Plaintiff cannot prove that a Defendant City of St. Louis policy, custom or practice prevented Plaintiff from making a telephone call because Plaintiff was in fact allowed to use a telephone, and that he used that opportunity for the purpose of contacting his relatives. SUMF ¶ 10 and 11.

### c.    Counts 5 and 6

Furthermore, Plaintiff's allegations are unavailing under Counts 5 and 6 because, as discussed *supra*, Defendant City of St. Louis cannot be held liable under the doctrine of respondeat superior under § 1983. *Monell*, 436 U.S. at 691-94. Nor has the Plaintiff come forward with evidence to establish a direct causal link between a policy or custom of Defendant City of St. Louis and the alleged constitutional deprivation. *Parrish v. Ball*, 594 F.3d 993, 1000 (8th Cir.2010) (noting the requirement that the plaintiff prove that the policy or custom "was the 'moving force' behind the injury alleged") (internal quotation omitted).

Accordingly Defendant City of St. Louis' Motion for Summary Judgment should be granted with respect to Counts 5 and 6.

### IV.    Conclusion

The uncontroverted material facts unequivocally demonstrate that Plaintiff cannot prove any of his allegations against Defendant City of St. Louis. Defendant City of St. Louis simply did not deprive Plaintiff of any of his constitutional rights while he was detained. Defendant City of St. Louis is therefore entitled to judgment as a matter of law.

Respectfully submitted,

MICHAEL GARVIN
CITY COUNSELOR

/s/ Rory P. O'Sullivan
Rory P. O'Sullivan     #62388 MO
Assistant City Counselor
Attorney for Defendant City of St. Louis
Room 314, City Hall
St. Louis, MO 63103
314.622.3361
FAX: 314.622.4956
OSullivanR@stlouis-mo.gov

## Certificate of Service

I hereby certify that on January 26, 2016, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon:

| | |
|---|---|
| Mark H. Zoole, # 36835M | Phillip A. Tatlow, # 12687MO |
| MARK ZOOLE & ASSOCIATES | BOLLWERK & TATLOW, LLC |
| P.O. Box 190549 | 10525 Big Bend Boulevard |
| St. Louis, MO 63119 | Kirkwood, MO 63122 |
| (314) 223-0436 | (314) 315-8111 |
| zoole@sbcglobal.net | pat@bollwerktatlow.com |

*Attorneys for Plaintiff*

Amy Haywood, # 66555
Assistant Attorney General
P.O. Box 861
St. Louis, Missouri 63188
(314) 340-4902
Fax: (314) 340-7029
Amy.haywood@ago.mo.gov

*Attorney for Defendants Bettye Battle-Turner, Richard Gray, Erwin O. Switzer, Thomas Irwin, Francis Slay, Joseph Tomlinson, Nicholas Martorano, John Moton, Jonathon Carroll, Board of Police Commissioners, St. Louis City Metropolitan Police Department*

Jessica L. Liss, # 51331MO
Amy J. White, # 60411MO
JACKSON LEWIS, PC
7733 Forsyth Blvd., Suite 600
St. Louis, Missouri 63105
(314) 827-3939
(314) 827-3940 (Fax)
jessica.liss@jacksonlewis.com
amy.white@jacksonlewis.com

*Attorneys for Defendant Corizon, LLC, April Scott, Joyce Sanchez, Rhalashondra Straughter and Dr. Paul Geiger*

/s/ Rory P. O'Sullivan