INSTRUCTION NO. 1

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you some additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you during the trial.

You will have copies of the instructions I am about to give you now in the jury room. Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

INSTRUCTION NO. 2

I have not intended to suggest what I think your verdicts should be by any of my rulings or comments during the trial.

INSTRUCTION NO. 3

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way, how a witness acted while testifying, whether a witness said something different at another time, whether a witness's testimony sounded reasonable, and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

INSTRUCTION NO. 4

You will have to decide whether certain facts that have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence if you find that it is more likely true than not true. You decide by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

INSTRUCTION NO. 5

Your verdict must be for the plaintiff and against defendant Nicholas Martorano if all the following elements have been proved:

*First*, the defendant struck plaintiff in the head with a weapon, punched, kicked, or tasered the plaintiff when arresting him; and

*Second*, the force used was excessive because it was not reasonably necessary to arrest the plaintiff; and

*Third*, as a direct result, the plaintiff was injured.

In determining whether the force was "excessive," you must consider: the need for the application of force; the relationship between the need and the amount of force that was used; the extent of the injury inflicted; and whether a reasonable officer on the scene, without the benefit of hindsight, would have used that much force under similar circumstances.  You must determine whether the officer's actions were reasonable in the light of the facts and circumstances confronting the officer.

If any of the above elements has not been proved, then your verdict must be for the defendant.

Use Verdict Form A to return your verdict on this instruction.

INSTRUCTION NO. 6

Your verdict must be for the plaintiff and against defendant John Moton if all the following elements have been proved:

*First*, the defendant punched, kicked, or struck plaintiff with a baton when arresting him; and

*Second*, the force used was excessive because it was not reasonably necessary to arrest the plaintiff; and

*Third*, as a direct result, the plaintiff was injured.

In determining whether the force was "excessive," you must consider: the need for the application of force; the relationship between the need and the amount of force that was used; the extent of the injury inflicted; and whether a reasonable officer on the scene, without the benefit of hindsight, would have used that much force under similar circumstances.  You must determine whether the officer's actions were reasonable in the light of the facts and circumstances confronting the officer.

If any of the above elements has not been proved, then your verdict must be for the defendant.

Use Verdict Form B to return your verdict on this instruction.

INSTRUCTION NO. 7

Your verdict must be for the plaintiff and against defendant Joseph Tomlinson if all the following elements have been proved:

*First*, the defendant struck, punched, kicked, or dragged the plaintiff when arresting him; and

*Second*, the force used was excessive because it was not reasonably necessary to arrest the plaintiff; and

*Third*, as a direct result, the plaintiff was injured.

In determining whether the force was "excessive," you must consider: the need for the application of force; the relationship between the need and the amount of force that was used; the extent of the injury inflicted; and whether a reasonable officer on the scene, without the benefit of hindsight, would have used that much force under similar circumstances.  You must determine whether the officer's actions were reasonable in the light of the facts and circumstances confronting the officer.

If any of the above elements has not been proved, then your verdict must be for the defendant.

Use Verdict Form C to return your verdict on this instruction.

INSTRUCTION NO. 8

Your verdict must be for the plaintiff and against defendant Joseph Carroll if all the following elements have been proved:

*First*, the defendant slammed a van door on the head of, or dragged or struck, the plaintiff during the arrest and transportation process; and

*Second*, the force used was excessive because it was not reasonably necessary to arrest the plaintiff; and

*Third*, as a direct result, the plaintiff was injured.

In determining whether the force was "excessive," you must consider: the need for the application of force; the relationship between the need and the amount of force that was used; the extent of the injury inflicted; and whether a reasonable officer on the scene, without the benefit of hindsight, would have used that much force under similar circumstances. You must determine whether the officer's actions were reasonable in the light of the facts and circumstances confronting the officer.

If any of the above elements has not been proved, then your verdict must be for the defendant.

Use Verdict Form D to return your verdict on this instruction.

INSTRUCTION NO. 9

If you find in favor of the plaintiff, you must award him an amount of money that will fairly compensate him for any damages you find he sustained as a direct result of the conduct of the defendant(s) as submitted in Instruction Nos. 5-8. You should consider the following elements of damages:

1.      The physical pain and mental suffering the plaintiff has experienced; the nature and extent of the injury, whether the injury is temporary or permanent and any aggravation of a pre-existing condition; and

2.      The reasonable value of the medical, hospital, nursing, and similar care and supplies reasonably needed by and actually provided to the plaintiff and reasonably certain to be needed and provided in the future.

Remember, throughout your deliberations you must not engage in speculation, guess, or conjecture, and you must not award any damages under this Instruction by way of punishment or through sympathy.

INSTRUCTION NO. 10

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the plaintiff under Instruction(s) 5-8 and if it has been proved that the conduct of that defendant as submitted in Instruction(s) 5-8 was malicious or recklessly indifferent to the plaintiff's right to be free from excessive force when arrested, then you may, but are not required to, award the plaintiff an additional amount of money as punitive damages for the purposes of punishing the defendant for engaging in misconduct and deterring the defendant and others from engaging in similar misconduct in the future.  You should presume that a plaintiff has been made whole for his injuries by the damages awarded under Instruction 9.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. How reprehensible the defendant's conduct was.  In this regard, you may consider whether the harm suffered by the plaintiff was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; whether the defendant's conduct that harmed the plaintiff also posed a risk of harm to others; whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed the plaintiff.

2. How much harm the defendant's wrongful conduct caused the plaintiff and could cause the plaintiff in the future.

3. What amount of punitive damages, in addition to the other damages already

awarded, is needed, considering the defendant's financial condition, to punish the defendant for his wrongful conduct toward the plaintiff and to deter the defendant and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused to the plaintiff.

You may assess punitive damages against any or all defendants or you may refuse to impose punitive damages.  If punitive damages are assessed against more than one defendant, the amounts assessed against those defendants may be the same or they may be different.

## INSTRUCTION NO. 11

"Maliciously" means intentionally injuring another without just cause.

INSTRUCTION NO. 12

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the court security officer and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. You will take this form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the forms, sign and date it, and tell the court security officer that you are ready to return to the courtroom.

VERDICT FORM A

**Note:**          Complete this form by writing in the names required by your verdict.

On plaintiff Calvin Fletcher's claim against defendant Nicholas Martorano, as submitted in Instruction No. 5, we find in favor of

_____
(Plaintiff Calvin Fletcher)   or (Defendant Nicholas Martorano)

**Note:**          Complete the following paragraphs only if the above finding is in favor of the plaintiff.

We find plaintiff Calvin Fletcher's damages to be:

$_____(state the amount or, if none, write the word "none")

**Note:**          You may not award punitive damages against any defendant unless you have first found against that defendant and awarded the plaintiff nominal or actual damages.

We assess punitive damages against defendant Nicholas Martorano as follows:

$_____(state the amount or, if none, write the word "none").

_____
Foreperson

Dated: _____

VERDICT FORM B

**Note:**          Complete this form by writing in the names required by your verdict.

On plaintiff Calvin Fletcher's claim against defendant John Moton, as submitted in Instruction No. 6, we find in favor of

_____
                    (Plaintiff Calvin Fletcher)   or  (Defendant John Moton)

**Note:**          Complete the following paragraphs only if the above finding is in favor of the plaintiff.

We find plaintiff Calvin Fletcher's damages to be:

$_____(state the amount or, if none, write the word "none")

**Note:**          You may not award punitive damages against any defendant unless you have first found against that defendant and awarded the plaintiff nominal or actual damages.

We assess punitive damages against defendant John Moton as follows:

$_____(state the amount or, if none, write the word "none").

_____
                                              Foreperson

Dated: _____

VERDICT FORM C

**Note:**　　　　Complete this form by writing in the names required by your verdict.

On plaintiff Calvin Fletcher's claim against defendant Joseph Tomlinson, as submitted in Instruction No. 7, we find in favor of

_____

(Plaintiff Calvin Fletcher)　or　(Defendant  Joseph Tomlinson)

**Note:**　　　　Complete the following paragraphs only if the above finding is in favor of the plaintiff.

We find plaintiff Calvin Fletcher's damages to be:

$_____(state the amount or, if none, write the word "none")

**Note:**　　　　You may not award punitive damages against any defendant unless you have first found against that defendant and awarded the plaintiff nominal or actual damages.

We assess punitive damages against defendant Joseph Tomlinson as follows:

$_____(state the amount or, if none, write the word "none").

_____

Foreperson

Dated: _____

VERDICT FORM D

**Note:**        Complete this form by writing in the names required by your verdict.

On plaintiff Calvin Fletcher's claim against defendant Jonathan Carroll, as submitted in Instruction No. 8, we find in favor of

_____

(Plaintiff Calvin Fletcher)   or  (Defendant Jonathan Carroll)

**Note:**        Complete the following paragraphs only if the above finding is in favor of the plaintiff.

We find plaintiff Calvin Fletcher's damages to be:

$_____(state the amount or, if none, write the word "none")

**Note:**        You may not award punitive damages against any defendant unless you have first found against that defendant and awarded the plaintiff nominal or actual damages.

We assess punitive damages against defendant Jonathan Carroll as follows:

$_____(state the amount or, if none, write the word "none").

_____

Foreperson

Dated: _____